ALLISON, ANDERSON & COMPANY, plaintiffs in error, vs. E. D. GRAHAM, administrator, defendant in error.

That a plaintiff is now a non-resident of the State is not, of itself, sufficient to excuse the filing of the affidavit of taxes paid under the Act of October 13th, 1870; it must appear that he was a non-resident at the contracting of the debt and has so continued, so that no taxes could have been due on the same to this State.

Relief Act of 1870.  Taxation.  Before Judge PARROTT. Dade Superior Court.  May Term, 1871.

In March, 1861, Allison, Anderson & Company obtained a judgment against Derberry.  The judgment became dormant and *scire facias* was issued against Derberry's administrator to revive it.  No affidavit as to the payment of taxes on the debt was filed in the Clerk's office.  Such an affidavit had been attached to the *fi. fa.;* and it was shown that at the time of the trial plaintiff did not reside in the State.  Nothing else appearing, the Court dismissed the case, because the affidavit required by the Act of 1870 was not filed with the Clerk.  This is assigned as error.

J. G. JACKAWAY; J. A. W. JOHNSON, by W. H. DABNEY, for plaintiffs in error.

E. D. GRAHAM, for defendant.

McCAY, Judge.

This Court has uniformly held that a debt due to a nonresident is not taxable by our laws, and that, in a suit on such a debt, no tax affidavit is required.  But the mere fact that a plaintiff is now a non-resident does not make out that the debt sued on has not, since it was contracted, been taxable. *Prima facie,* the debt was made at the residence of the defendant.  Or it may be that the plaintiff has been a resident. To allow the construction of the Act contended for by the plaintiff in error would be to permit any plaintiff to evade the law by moving out of the State or by transferring his claim to a non-resident.  To excuse filing the affidavit it should appear affirmatively, by proper evidence, that the debt is not taxable.  That does not appear in this record, and we therefore affirm the judgment.

MONTGOMERY, Judge, concurred but furnished no opinion.

WARNER, Chief Justice, dissenting.

The Act of 13th of October, 1870, *outlawing* plaintiffs from the Courts, and denying them the right to sue therein upon any debt or contract, or cause of action, made or implied before the 1st day of June, 1865, until they shall have made an affidavit that all legal taxes chargeable by law have been duly paid thereon, for each year prior to the passage of said Act, is, in my judgment, unconstitutional and void, for the reasons heretofore expressed in other cases. This Act of 1870 is part and parcel of a concocted scheme of *unconstitutional* legislative enactments, calculated to debauch and demoralize the people, and which has *culminated* in the wholesale plunder of the public funds and public property of the State. A corrupt tree cannot bring forth good fruit, and unconstitutional legislation, which tempts the people to indulge in the dangerous luxury of *dishonesty*, never did, and never will, produce a healthy state of public morals in any community, so long as it is encouraged and sanctioned by those in public authority. The sooner this *putrid carcass* of unconstitutional legislation shall be buried out of sight by the constitutional judgment of the Courts, the better it will be for all *honest* people, and for the honor and credit of the State. I therefore dissent from the judgment of the Court in this case.